**STATE ex rel. COMMISSIONERS OF LAND OFFICE v. BRIGHT.**

No. 35128.

Supreme Court of Oklahoma.

Oct. 6, 1953.

R. H. Dunn, Ernest B. Lykins, Rupert E. Wilson, Jr., Olahoma City, for plaintiff in error.

Walter L. Gray, Twyford, Smith & Crowe, Oklahoma City, for defendant in error.

HALLEY, Chief Justice.

W. F. Bright commenced this action in the District Court of Beckham County to quiet title to the surface and one-half of the minerals under 160 acres of land in that county, subject only to the balance due under Certificate of Purchase issued to him by the Commissioners of the Land Office, who were named as defendants. W. F. Bright will be referred to as plaintiff and the defendants as commissioners.

Plaintiff alleged that September 22, 1941, he acquired his title by a Certificate of Purchase issued to him by the commissioners and that he had duly complied with the terms of such certificate and had been in full possession of the land since the date of purchase, which provided that he should have all the surface rights and 50 per cent of the minerals.

That on October 11, 1947, the commissioners, without his knowledge or consent, caused to be recorded in Beckham County a purported Correction Certificate of Purchase which recites in part that " * * * The Commissioners of the Land Office do hereby, and by these presents, reserve and retain title to all oil, gas and other mineral rights owned by the state in and under the above described land, which mineral rights will also be reserved in said Patent."

Plaintiff further alleged that the agent of the commissioners in charge of the sale assured him that he was to receive one-half of the minerals and that he did receive such interest in his original Certificate of Purchase. Plaintiff prayed that the Correction Certificate of Purchase be cancelled and his title quieted "subject to the balance due upon purchase price," in the land and one-half of the minerals.

The commissioners filed a motion to dismiss and later a demurrer, both based upon the ground that plaintiff's action was a suit against the state in its sovereign capacity without legislative permission. The motion and demurrer were both overruled.

They alleged in their answer that they owned the surface rights and one-half of

the minerals in the land, subject to Certificate of Purchase held by plaintiff, and that plaintiff acquired no interest in the minerals when he acquired his Certificate of Purchase. They further alleged that their title was acquired by foreclosure, and that prior to the execution of the note and mortgage and foreclosure, the former owners of the land had conveyed approximately an undivided one-half interest of the minerals in this land, and that such outstanding interest in the minerals was not foreclosed upon and did not constitute any part of the title acquired by the commissioners at foreclosure sale.

Commissioners alleged that they approved the appraisal of the land in 1941, and ordered it advertised and sold as Tract No. 14 in the notice of sale which was duly published and contained the following reservations:

"At such sale there will be reserved and retained unto the state forever title to fifty per centum of all oil, gas and other mineral rights in and under all land that may be sold. The purchasers will receive an undivided fifty per centum of all oil, gas and other mineral rights in and under all tracts hereby offered, except as follows:

"The purchasers of Tract Nos. 6, 13, 14, 34, and 39 will receive no mineral interest whatsoever."

Further, that the land so offered and advertised for sale was sold as Tract No. 14, being sold to the plaintiff, W. F. Bright, subject to the terms and conditions so provided in the notice of sale, but through error the clerk preparing the Certificate of Purchase made it appear that the purchaser of Tract No. 14 was to receive the surface rights and one-half of the minerals.

That on October 7, 1947, when the mistake in the Certificate of Purchase was discovered, the commissioners issued and caused to be recorded a Correction Certificate of Purchase containing the following reservations:

"Provided, however, the Commissioners of the Land Office do hereby and by these presents reserve and retain title to all of the oil, gas and other mineral rights, owned by the state, in and under the above described land."

And the commissioners further alleged that the plaintiff acquired his Certificate of Purchase with full knowledge that the commissioners were retaining all oil, gas and other minerals held by them, and prayed for judgment that the plaintiff had acquired no interest in the minerals and that the state is the owner of the full legal and equitable title to all of the minerals, being a one-half interest, acquired by the state in foreclosure. Copies of the original certificate and Correction Certificate of Purchase, and of the notice of sale were attached to the answer.

Plaintiff replied to the answer and alleged that the land was sold under the provision of Sec. 96, 64 O.S. 1951, directing the commissioners to retain 50 per cent of the mineral rights and that the remaining 50 per cent should and did pass to plaintiff as the purchaser of Tract No. 14 at such sale.

Plaintiff filed a motion for judgment on the pleadings and testimony was introduced and documentary evidence, including Certificates of Purchase, notice of sale, the deed by which the commissioners acquired title at foreclosure sale and minutes of the meetings of the commissioners authorizing such sale.

■ The commissioners contend that the case should have been dismissed because it was a suit against the state in its sovereign capacity which could not be maintained without permission. We have heretofore held in cases hereinafter cited that by Sec. 160, 64 O.S. 1951, the Legislature had authorized and empowered the commissioners "to bring or defend suits in the name and on behalf of the State of Oklahoma in all matters affecting the public lands of the State," and that this issue is without merit.

■ The judgment of the trial court in favor of the plaintiff is based largely upon the view that under our statutes it is the mandatory duty of the commissioners to retain and reserve 50 per cent of the minerals under all land sold, but no more. This contention, and all other issues raised in this case have heretofore been decided

adversely to the plaintiff in State ex rel. Commissioners of Land Office v. Duggins, Okl., 258 P.2d 891, and State ex rel. Commissioners of Land Office v. Phillips Petroleum Co., Okl., 258 P.2d 1193.

The rulings announced in the two cases last cited are hereby adopted as the law applicable to all questions raised in the cause under consideration and reference is here made to such decisions for a full discussion of the issues here involved, and to the authorities therein cited.

The judgment is reversed and the case is remanded with instructions to enter judgment for the plaintiff in error.

JOHNSON, V. C. J., and WELCH, DAVISON, WILLIAMS, and BLACK-BIRD, JJ., concur.

CORN, ARNOLD and O'NEAL, JJ., dissent.